STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION

|  |  |
|---|---|
| In re Hale Mountain Fish & Game Club | Docket No. 190-11-10 Vtec (appeal from Town of Shaftsbury Development Review Board determination) |

## Decision on Cross-Motions for Summary Judgment

Hale Mountain Fish & Game Club ("Hale Mountain") has appealed a decision by the Town of Shaftsbury ("Town") Development Review Board ("DRB") denying an application for thirteen permits concerning improvements on its property at 684 Rod and Gun Club Road. The DRB's denial followed an appeal, by Owen and Katherine Beauchesne, of a determination by the Town's Zoning Administrator ("ZA") approving the application for the thirteen individual zoning permits. The Beauchesnes appear as interested persons in the present appeal, as does the Town.

Currently pending before the Court are cross-motions for summary judgment filed by both Hale Mountain and the Beauchesnes concerning the Beauchesnes' ability to appeal the ZA's determination. Both Hale Mountain and the Beauchesnes have also filed responsive memoranda which we have taken into consideration. The Town has filed a memorandum indicating that it takes no position on the issue. In the pending action, Hale Mountain is represented by James P.W. Goss, Esq., the Beauchesnes are represented by Jon S. Readnour, Esq., and the Town is represented by Robert E. Woolmington, Esq.

## Factual Background

For the sole purpose of putting the pending motions into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1. On December 15, 2009, the Court issued a decision in a separate proceeding concluding that Hale Mountain needed zoning permits from the Town for select improvements that it had made to its property at 684 Rod and Gun Club Road from May, 1989 onward. See In re Hale Mountain Fish & Game Club (Appeal of Beauchesne), Nos. 149-8-04 Vtec and 259-12-05 Vtec (Vt. Envtl. Ct. Dec. 15, 2009) (Durkin, J). In an earlier decision in the same consolidated proceeding, the Court also determined that the parties were collaterally estopped from raising anew certain

1

factual and legal issues that had been resolved by final determinations made in prior proceedings. See In re Hale Mountain Fish & Game Club (Appeal of Beauchesne), Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 9–16 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J).

2. On or about July 9, 2010, Hale Mountain submitted an application to the ZA for thirteen permits to authorize improvements to its property that it had already completed. These improvements include the removal of red pine trees in and around the shooting ranges, as well as the installation or construction of roofs over the existing rifle- and pistol-range shooting stations; a storage shed; walls around the rifle-range shooting station; a well cover; a trailer for the caretaker; a storage trailer for clay targets; a trap house pad; a trap field pavilion; rabbit pens; a culvert extension; and berms around three sides of the pistol range.

3. The ZA approved the application in full on July 29, 2010 and issued the requested zoning permits to Hale Mountain on August 2, 2010. The Beauchesnes subsequently filed an appeal of that decision to the DRB.

4. On October 20, 2010, the DRB issued a decision granting the Beauchesnes' appeal without prejudice to Hale Mountain's future submission of applications for each of the thirteen permits requested. Appeal of Issuance of Hale Mountain Permits, Finding of Facts, Conclusion of Law, Decision, at 2 (Town of Shaftsbury Dev. Review Bd. Oct. 20, 2010). The DRB also directed that the Club, when it submitted renewed applications concerning the specified improvements, "shall comply with all elements of the Shaftsbury Zoning Bylaws, in particular Section 4.1.1.4, and provide site plans for the Development Review Board to review as part of their reapplication for permits." Id. at 1. Hale Mountain appealed that determination to this Court, resulting in this proceeding.

5. The Beauchesnes entered their appearance in this appeal and subsequently asked the Court to afford them additional time to cross-appeal. We denied their request to cross-appeal in our previous Entry Order of February 17, 2011, for reasons unrelated to whether they had standing to appeal, and explained that they could still participate in the appeal as interested persons.

## Discussion

Currently before us are cross-motions for summary judgment concerning whether Owen and Katherine Beauchesne had standing to appeal the ZA's decision

2

approving an application for thirteen permits sought by Hale Mountain. Hale Mountain is seeking the permits to retrospectively authorize a number of site improvements that it has already made, since 1989, to its property at 684 Rod and Gun Club Road.[1] Hale Mountain argues in its motion that the Beauchesnes did not meet the statutory qualifications for standing to appeal the ZA's decision in the first place and that, therefore, the ZA's original permit decision should stand.[2] The Beauchesnes argue, in their cross-motion, that they do have standing to appeal because they can show they qualify as "interested persons."

## I.  Summary judgment standard

We will grant summary judgment to one of the moving parties only if there are no material facts in dispute and that party is entitled to judgment as a matter of law. See V.R.C.P. 56(c)(3). In considering cross-motions for summary judgment, we give each party the "benefit of all reasonable doubts and inferences when the opposing party's motion is being judged." City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)). We "accept as true the [factual] allegations made in opposition to [each] motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citations omitted). We proceed with a review of the pending motions with these directives in mind.

## II.  Did the Beauchesnes have standing to appeal the ZA's determination?

We begin our analysis of whether the Beauchesnes had standing by clarifying that the Court uses the term "interested person" in two principal ways: in an informal sense to refer to any party who meets the requirements to participate in appeals brought by other parties, see 10 V.S.A. § 8504(n), and as a statutory term of art that refers to a party falling within one of the categories listed in 24 V.S.A. § 4465(b) who can appeal the decision of a zoning administrator or municipal panel, see 24 V.S.A. §§ 4465(a), 4471(a). In its motion, Hale Mountain argues that the Beauchesnes do not

---

[1] The Court determined that Hale Mountain needed these permits in an earlier proceeding, In re Hale Mountain Fish & Game Club (Appeal of Beauchesne), Nos. 149-8-04 Vtec and 259-12-05 Vtec (Vt. Envtl. Ct. Dec. 15, 2009) (Durkin, J).

[2] Although the case before us is an appeal of the DRB's decision by Hale Mountain, because standing goes to the Court's subject-matter jurisdiction over a dispute, it can be challenged at any stage in a proceeding and, thus, Hale Mountain's argument is properly raised in this Court. See Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235.

fall into any of the categories of "interested person[s]" listed in § 4465(b) and, therefore, did not have standing to appeal the ZA's decision.[3] If Hale Mountain's assessment is accurate, the Beauchesnes' appeal of the ZA determination should not have been entertained by the DRB, and should not be entertained by this Court on appeal.

Section 4465(b) lists five categories of "interested person[s]." The Beauchesnes assert that they fall within the third category, which has three requirements: that a party "own[] or occupy[] property in the immediate neighborhood of a property" subject to the municipal decision, "demonstrate a physical or environmental impact on [his or her] interest under the criteria reviewed," and "allege[] that the decision . . . if confirmed, will not be in accord with the policies, purposes, or terms of the" applicable municipal plan or regulations. § 4465(b)(3). Hale Mountain does not refute that the Beauchesnes' meet the third requirement—in other words, it does not refute that the Beauchesnes allege that the ZA's decision does not comply with the Town's zoning ordinance—but it does refute that the Beauchesnes can meet the first two requirements necessary for them to be categorized as interested persons under § 4465(b)(3).

The parties dispute whether the Beauchesnes meet the first requirement, that they own or occupy property in the immediate neighborhood of the property subject to the ZA's decision. Hale Mountain argues that most of the improvements for which it seeks retrospective approval are located 1,400–2,100 feet from the Beauchesnes' house, are hundreds of feet from their common property line, and are obscured from the Beauchesnes' view by dense woods. The Beauchesnes argue that their property shares a common boundary with Hale Mountain's property for more than a quarter of a mile, placing them in the immediate neighborhood as abutting neighbors.

Even when viewing the facts in a light most favorable to Hale Mountain, we conclude that the Beauchesnes own property that is squarely in the immediate neighborhood of property subject to the ZA's decision. Hale Mountain correctly points out that distance is not the only relevant factor in our determination, but here the Beauchesnes' property abuts Hale Mountain's and is less than a half of a mile, according to Hale Mountain's own measurements, from the improvements themselves.

---

[3] Hale Mountain's motion does not challenge the Beauchesnes' ability to meet the requirements to be able to participate in Hale Mountain's appeal to this Court of the DRB's determination; rather, the motion challenges the Beauchesnes' ability to meet the requirements for acting as appellants in their appeal of the ZA's determination.

Further, Hale Mountain has provided no evidence showing that the Beauchesnes' property is so distinct in character from that of Hale Mountain's as to create separate neighborhoods despite the close proximity of the properties. Cf. Bostwick Road Two-Lot Subdivision, No. 211-10-05 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Feb. 24, 2006) (Durkin, J.), aff'd, No. 2006-128 (Vt. Jan. 2007) (unpublished mem.) (concluding that the appellant did not have standing under § 4465(b)(3) partially because the appellant's residential property had a significantly different physical and social character from that of the tourist-oriented area along Vermont Route 7 where the proposed development, a vineyard, was to be located).

Turning to the remaining requirement for being classified as an "interested person" under § 4465(b)(3), we ask whether the Beauchesnes have shown that they can demonstrate a physical or environmental impact on their interests related to the pending application and the applicable criteria from the Town's zoning ordinance, the Town of Shaftsbury Zoning Bylaw ("Bylaw"), under which Hale Mountain's application must be reviewed. Hale Mountain argues that the Beauchesnes have not made any allegations of specific impacts from the individual improvements; it argues that the Beauchesnes cannot "hear, see, feel, smell or perceive the structures" that constitute the improvements and that the Beauchesnes' complaints go to the club's operation generally. (Mot. for Summ. J. to Deny "Interested Person" Status 12, filed Feb. 5, 2011; see Appellant's Reply to Appellee's Opp'n to Summ. J. 3, filed Apr. 11, 2011.) The Beauchesnes argue that they have experienced physical and environmental impacts from the improvements in the form of the following: reduced recreational enjoyment because they can see the improvements when walking or driving on the nearby public road; exposure to increased noise resulting from alterations to the shooting areas; safety risks from errant bullets as they ride horses by Hale Mountain's property; and pollution of nearby wetlands and a pond where they recreate.

Some of the impacts alleged by the Beauchesnes are too speculative to warrant standing. The Beauchesnes indicate they will experience a reduction in their recreational enjoyment because they can see the improvements on Hale Mountain's property, but they do not provide an explanation of why being able to see the improvements will lead to less recreational enjoyment. They also allege that water pollution has and will occur, but such an impact is technical in nature and the

Beauchesnes' submissions fail to reference evidentiary material that supports such an allegation.

While considering Hale Mountain's summary judgment motion we accept as true the facts alleged by the Beauchesnes that are supported by reference to evidence. That procedural directive requires that the allegations asserted have factual foundation in the record; we are not permitted to assume facts not alleged nor evidence not referenced. See Gore v. Green Mountain Lakes, Inc., 140 Vt. 262, 266 (1981) (holding that where the plaintiff failed to provide evidence to support her conclusions, summary judgment is appropriate; "allegations alone cannot create triable issues of fact"). Thus, we conclude that the Beauchesnes' representations regarding recreational impacts and water pollution cannot provide a foundation for their standing to have appealed the ZA's decision.

Turning to the other impacts alleged by the Beauchesnes, they have submitted lengthy descriptions of how Hale Mountain's actions have impacted them generally in terms of noise and safety, but their assertions are not accompanied by factual representations that allow us to join their assertions concerning the individual improvements at issue in the application before us. Reading the Beauchesnes' filings generously, we understand them to be alleging that the establishment of berms around the pistol range, walls around the rifle-range shooting station, and roofs over the pistol- and rifle-range shooting stations has lead to the production of louder noise when guns are shot and that this louder noise disrupts their use of their property and a public road near their and Hale Mountain's property.[4] (See Appellees' Cross-Motion for Summ. J. 15–17, filed Mar. 29, 2011.) It also appears they allege that the berm improvement in particular has lead to safety risks for them as they ride horses by Hale Mountain's property. (Id. 15–16.)

It is unclear to the Court, however, if this is, in fact, what the Beauchesnes are alleging and, if so, what is the evidentiary basis of their allegations. It is also unclear how these alleged noise and safety impacts relate to the criteria in the Bylaw under which we have the authority to review Hale Mountain's current application.

Bylaw § 4.1.1.4.3 appears to require clubs, such as Hale Mountain, to obtain site plan approval prior to receiving a zoning permit. Site plan review is governed by

---

[4] The Beauchesnes' other allegations regarding noise do not explain how such noise results from the individual improvements for which Hale Mountain seeks permits.

Bylaw § 3.6.1.1, which provides that "the DRB may impose appropriate conditions and safeguards with respect to the adequacy of traffic access, of circulation and parking, of landscaping and screening, to protecting utilization of renewable energy resources . . . ." Bylaw § 3.6.2 identifies what a site plan application must contain. However, no section of the Bylaw governing site plan applications references the impacts of which the Beauchesnes complain. Thus, it appears that the Beauchesnes seek to have this Court judge the current Hale Mountain application on standards not contained in the Bylaw. If this assessment is correct, the Beauchesnes' allegations about noise and safety impacts do not provide a foundation for their standing to appeal the ZA's determination. See In re Hitchcock 2-Lot Subdivision, No. 218-11-09 Vtec, slip op. at 3–5 (June 18, 2010) (Wright, J.).

Further, we are cognizant that, under the doctrine of issue preclusion, the universe of allegations that the Beauchesnes can make regarding impacts from changes in the intensity of use of Hale Mountain's property is constrained by previously concluded factual and legal determinations from this and other judicial bodies.

In a prior consolidated proceeding before this Court that involved the same parties and property as this proceeding, we addressed whether Hale Mountain needed zoning permits for any of the improvements it had made to its property. We ultimately concluded that permits were needed for select improvements made since May, 1989. See In re Hale Mountain Fish & Game Club (Appeal of Beauchesne), Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 1, 13 (Vt. Envtl. Ct. Dec. 15, 2009) (Durkin, J). These improvements are the subject of the current appeal. Importantly, in that prior proceeding, the Court rendered three decisions that discussed how issue preclusion impacted the factual and legal arguments that could be made in that proceeding. See In re Hale Mountain Fish & Game Club (Appeal of Beauchesne), Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 7–8 (Vt. Envtl. Ct. March 25, 2008) (Durkin, J); In re Hale Mountain Fish & Game Club (Appeal of Beauchesne), Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 9–15 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J); Hale Mountain Fish & Game Club, Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 2, 4, 7, 11 (Dec. 15, 2009). Similar discussions would be appropriate here.

We note that in our prior proceeding we concluded that some of the material facts were controlled by the factual determinations resolved by the former Vermont

Environmental Board in a determination addressing the same improvements to Hale Mountain's property as are at issue here. See Hale Mountain Fish & Game Club, Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 3, 7 (Dec. 15, 2009). In particular, the Environmental Board concluded, as summarized and affirmed by our Supreme Court, that "[Hale Mountain's] activities had broadened [in a period dating from 1970] but that the intensity of use has remained about the same over the years," and that "the level of intensity of the members' use and the concomitant noise . . . could not be said to have increased over pre-1970 levels." In re Hale Mountain Fish & Game Club, Inc., 2009 VT 10 ¶¶ 2, 5, 185 Vt. 613 (mem.).

In our prior proceeding we found that the Beauchesnes and other parties were barred from asserting that the level of shooting activity or the capacity of the shooting ranges on Hale Mountain's property and trap area increased as a result of the improvements that Hale Mountain made to its property. See Hale Mountain Fish & Game Club, Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 3, 4, 6, 7 (Dec. 15, 2009). Because these are the same improvements at issue in this proceeding, we wish to remind the parties that issue preclusion may bar them from re-litigating these same factual issues.

In summary, the Beauchesnes' representations to the Court thus far have been less than clear, and are insufficient, as is, to provide a foundation for us to conclude they had standing to appeal the ZA's decision. However, in an effort to assure that all parties in this extended litigation have a full and fair opportunity to make the evidentiary presentations to which they are entitled, we will afford the Beauchesnes an additional opportunity to outline both the evidence that specifically supports their assertions that they are impacted by the individual itemized improvements that were permitted by the ZA and how these impacts relate to the criteria in the Bylaw under which Hale Mountain's application must be reviewed.

To the extent that the Beauchesnes allege that the itemized improvements have caused noise impacts, they bear the additional burden of showing that these allegations are not barred by issue preclusion based on the prior determinations of the Environmental Board relating to the intensity of use, and concomitant noise generated from the improvements at issue in this appeal. Once we receive this written offer of proof from the Beauchesnes, we will render a final determination on whether the Beauchesnes had standing to appeal the ZA's determination to the DRB.

8

## Conclusion

For all of the reasons more fully discussed above, we **DENY** Owen and Katherine Beauchesnes' motion for summary judgment on the issue of whether they had standing to appeal the ZA's decision and **DEFER** our decision on Hale Mountain's motion addressing the same issue. The Beauchesnes are hereby directed to file within thirty (30) days (i.e., no later than **Monday, September 23, 2011**) a written offer of proof specifying the evidentiary support for their assertions that they have experienced impacts as a consequence of the individual itemized improvements for which the ZA issued permits to Hale Mountain. The Court will thereafter render a final determination on whether the Beauchesnes had standing to appeal the ZA's decision to issue the requested permits.

Done at Rutland, Vermont, this 23rd day of August 2011.

_____
Thomas S. Durkin, Judge