## State of Vermont
## Superior Court—Environmental Division

===================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
===================================================================

**In re Hale Mountain Fish & Game Improvements Application,**      **Docket No. 190-11-10 Vtec**
**(Appeal from Town of Shaftsbury Development Review Board determination)**

Title: Motion for Summary Judgment (Filing No. 6)

Filed: February 25, 2011

Filed By: Appellant/Applicant Hale Mountain Fish & Game Club, Inc.

Response filed on 5/29/11 by Interested Persons Owen and Katherine Beauchesne

Reply filed on 4/11/11 by Hale Mountain Fish & Game Club, Inc.

Additional response filed on 10/17/11 by Owen and Katherine Beauchesne

Additional reply filed on 10/24/11 by Hale Mountain Fish & Game Club, Inc.


___ Granted          _X_ Denied          ___ Other

In our August 23, 2011 Decision on cross-motions for summary judgment filed by both Owen and Katherine Beauchesne and Hale Mountain Fish & Game Club, Inc. ("Hale Mountain"), we denied the Beauchesnes' motion and deferred our ruling on Hale Mountain's motion.  Both parties' motions concerned whether the Beauchesnes had standing to appeal a July 29, 2010 decision by the Town of Shaftsbury Zoning Administrator ("the ZA") granting thirteen zoning permits to Hale Mountain.  The thirteen permits retrospectively authorize a number of site improvements that Hale Mountain had made, since 1989, to the pre-existing shooting ranges and support facilities on its property at 684 Rod and Gun Club Road in the Town of Shaftsbury, Vermont.

In our Decision of August 23, 2011, we described in detail the statutory standard that this Court must use to determine if the Beauchesnes had standing to appeal the ZA's decision. We concluded that the factual allegations that the Beauchesnes had supplied to the Court to date met part of the requirements, but that the Beauchesnes' filings did not clearly "demonstrate a physical or environmental impact on [their] interest under the criteria reviewed" as required by 24 V.S.A. § 4465(b)(3).  Instead of reaching a final resolution of whether the Beauchesnes lacked standing to appeal the ZA's decision, we provided the Beauchesnes with an opportunity to clarify and supplement the allegations they had made to date.

On October 17, 2011, the Beauchesnes filed a new memorandum with multiple exhibits, including affidavits from Owen Beauchesne.  Hale Mountain subsequently filed a response.  We now consider this additional information and resume our determination of Hale Mountain's motion for summary judgment regarding the Beauchesnes' standing.  Before we begin that analysis, some historical context is in order.

Procedural History

Much of what has led to the multi-layered disputes between the parties has been the subject of previous legal actions before several courts, boards, and commissions. The Beauchesnes first complained of alleged increases in the use, noise, and development at the Hale Mountain facilities over twenty years ago. See In re Hale Mountain Fish and Game Club, Inc., 2007 VT 102, ¶ 2, 182 Vt. 606 ("In the 1990s, Hale Mountain and [the Beauchesnes] attempted to resolve issues concerning the timing and frequency of shooting at the club, but disagreements persisted."). The Beauchesnes also pursued litigation in what is now known as the Civil Division of the Vermont Superior Court, Bennington Unit, regarding the activities at the Hale Mountain facilities, but that litigation is not determinative of the issues now before us.

The Beauchesnes first sought to require Hale Mountain to seek Act 250 land use permit review; their efforts led to a determination by the District 8 Environmental Commission Coordinator that was appealed to the former Vermont Environmental Board, and, eventually, the Vermont Supreme Court. See Hale Mountain Fish and Game Club, 2007 VT 102 (hereinafter referred to as "Hale Mountain I"). In Hale Mountain I, the Supreme Court concluded that the Environmental Board had failed to make specific factual findings on the critical issue of whether the physical site improvements made at the club after the effective date of Act 250 in 1970 "actually resulted in any significant increase in use" of the club facilities—that is, shooting—and in the noise generated from that use. Id. at ¶¶ 9–11. The Court then remanded the matter to the Environmental Board[1] to make more complete factual findings and reconsider the question of what type of Act 250 permit, if any, Hale Mountain needed to secure.

On remand, the Board reopened its deliberations and rendered supplemental findings of fact. See Re: Hale Mountain Fish and Game Club, Inc., Decl. Ruling #435, Supplemental Findings of Fact and Conclusions of Law (Vt. Envtl. Bd. Feb. 26, 2008), available at http://www.nrb.state.vt.us/lup/decisions/2008/dr435suppff.pdf.[2] The Board found, among other findings, that "[t]he level of shooting activity and noise at the Project site has fluctuated slightly over the years, but there has not been an increase in intensity of shooting and noise after 1970 as compared to pre-1970 levels." Id. at 2.

As can be gleaned by the multiple dissents and concurrences, the Board struggled with difficult factual determinations during both its 2005 and 2008 deliberations. See, e.g., id. at 6. But a plurality of the Board rendered sufficient supplemental factual determinations, as noted by the Supreme Court's affirmation of the decision on appeal. See In re Hale Mountain Fish and Game Club, Inc., 2009 VT 10, 185 Vt. 613 (mem.) (hereinafter referred to as "Hale Mountain II"). In its 2009 entry order, the Supreme Court rejected the Beauchesnes' efforts to overturn the Board's supplemental findings and concluded that "the level of intensity of the members' use and the concomitant noise, neighbors' principal complaints, could not be said to have increased

---

[1] By the time Hale Mountain I was rendered, jurisdiction over Act 250 appeals had been transferred to this Court, pursuant to the Permit Reform Act of 2004. However, the former Board retained jurisdiction over pre-existing appeals.

[2] The Board in its 2008 Findings and Conclusions incorporated by reference the factual findings announced in its 2005 Findings, Conclusion and Order. Id. at 2.

over pre-1970 levels" as a result of site improvements completed to the club during that time.[3] Id. at ¶¶ 1, 5.

In addition to seeking a ruling on whether Hale Mountain needed an Act 250 permit, the Beauchesnes also sought a ruling from the applicable municipality, and the Court on appeal, that Hale Mountain was operating in violation of applicable municipal land use regulations. In that matter, which involved the same property and same land use activities as at issue here, we concluded in an interim decision that the Beauchesnes were collaterally estopped from challenging the factual determinations rendered by the former Environmental Board that were relevant to the applicable municipal regulations. See In re Hale Mountain Fish & Game Club (Appeal of Beauchesne), Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 9–15 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J).

This Court made a final determination in those prior appeals when ruling on cross-motions for summary judgment. See In re Hale Mountain Fish & Game Club (Appeal of Beauchesne), Nos. 149-8-04 Vtec and 259-12-05 Vtec (Vt. Envtl. Ct. Dec. 15, 2009) (Durkin, J). The Court repeated its prior legal determination that the parties were precluded from challenging the factual determinations rendered by the former Environmental Board. Id. at 1, 7. In particular, the Court noted that, since the Environmental Board had concluded otherwise, the appellant neighbors (Mr. and Mrs. Beauchesne) were precluded from challenging the conclusion that "the level of activity and use at the Club has not increased or changed since 1970." Id. at 7, 11. The Beauchesnes appealed this Court's final determinations in Docket Nos. 149-8-04 Vtec and 259-12-05 Vtec, but they later withdrew their appeal on May 14, 2010. Thus, that determination became final.

While this Court concluded that the Beauchesnes were precluded from challenging the prior determinations made by the Environmental Board as to activity at the club, we also concluded that Hale Mountain needed to seek and receive municipal land use permits to retrospectively authorize the following select site improvements it had made to its property, most of which it completed many years ago:

---

[3] The former Environmental Board's review appears to have included all the site improvements that the Beauchesnes now challenge here, since the Board referenced the following improvements in its August 4, 2005 decision:

> Several improvements, additions and other changes have been made to the Project since 1970, including:
>
> - improvements to the water supply and wastewater disposal system
> - removal of trees and vegetation within the rifle range
> - berming to separate out the pistol range
> - covering shooting stations on both ranges
> - building a storage unit and installing walls on the rifle range shooting station
> - upgrading the trap shooting facility
> - replacement of the garage
> - installation of a trailer for storage of clay targets
> - improvements and activities related to the beagle club including cutting trees, installation of fencing and a portable toilet, and holding of beagle events
> - other improvements to the road and parking lot

Re: Hale Mountain Fish and Game Club, Inc., Decl. Ruling #435, Findings of Fact, Conclusions of Law, and Order, at 17–22 (Vt. Envtl. Bd. Aug. 4, 2005), available at http://www.nrb.state.vt.us/lup/decisions/2005/dr435-fco.pdf.

(1) installing a cover over the rifle-range shooting station between 1989 and 1991;
(2) installing a cover over the pistol-range shooting station in 1995;
(3) erecting a storage unit into the rifle-range shooting station in 1992;
(4) installing wooden walls around the rifle-range shooting station in 1999;
(5) improving the well serving the clubhouse and caretaker's trailer by removing tile and installing a steel cover and culvert in 2002;
(6) installing a caretaker's trailer in 1994;
(7) installing a clay-target storage trailer in 1997;
(8) replacing the trap-house pad in 1991;
(9) replacing the trap-field pavilion in 1991;
(10) Beagle [Club's] remov[al] of red pines on the property in 1992;
(11) constructing rabbit pens in 1992 [for use by the Beagle Club];
(12) extending a culvert for the Beagles in 1992;
(13) installing a portable toilet on the Beagles' property;
. . . .; and
(19) erecting a berm around three sides of the pistol range in the mid-1990s.

Hale Mountain Fish & Game Club, Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 8–13 (Dec. 15, 2009).

This procedural history, while multi-layered and spanning over twenty years, is needed to give proper context to the zoning permit application now before this Court. We must abide by and respect the prior rulings that have become final from the Vermont Supreme Court, the former Environmental Board, and this Court, so to as to protect against unnecessary re-litigation and incongruous decisions. We achieve this end through application of the collateral estoppel doctrine, also known as issue preclusion. See Scott v. City of Newport, 2004 VT 64, ¶ 8, 177 Vt. 491 (2004). Rather than provide a detailed discussion of the doctrine here, we direct the reader to our November 21, 2008 decision in Docket Nos. 149-8-04 Vtec and 259-12-05 Vtec for that discussion. See Hale Mountain Fish & Game Club, Nos., 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 9–15 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J).

Standing Analysis

It is with this procedural history in mind that we review the additional factual allegations presented by Mr. and Mrs. Beauchesne to determine whether they have demonstrated that they have or will suffer an adverse "physical or environmental impact on [their] interest under the criteria reviewed" as a consequence of the land development that is the subject of the pending zoning permit application. 24 V.S.A. § 4465(b)(3). For the reasons detailed below, we conclude that the additional information submitted by the Beauchesnes is sufficient to show that they had standing to appeal the ZA's decision.

Unlike the Beauchesnes' original memorandum, their more recent memorandum does include some factual allegations describing an alleged concrete and actual impact from some of the individual site improvements completed by Hale Mountain that are the subject of the ZA's decision. Specifically, the Beauchesnes allege that Hale Mountain's "alterations to the shooting areas" and removal of "a significant area of red pine" have "resulted in increased shooting and hence increased noise" that affects their use and enjoyment of their property as well as the

business they conduct on their property.[4] (Beauchesnes' Offer of Proof 3, filed Oct. 17, 2011.) These allegations regarding the creation of noise are supported by specific statements in Owen Beauchesne's affidavit. The Beauchesnes also allege, and support by reference to Owen Beauchesne's sworn statements, that the removal of red pines has allowed storm water to flow onto their property, damage their cellar and its contents, and form ponds on their pastures.

We conclude that these particular allegations "demonstrate a physical or environmental impact" on the Beauchesnes as required by 24 V.S.A. § 4465(b)(3). However, as we indicated in our August 23, 2011 Decision, for the Court to conclude the Beauchesnes had standing to appeal the ZA's decision, we also need to conclude that the factual allegations the Beauchesnes make regarding impact to them are both not barred by collateral estoppel (i.e., issue preclusion) and are related to the criteria under which Hale Mountain's application must be reviewed. See 24 V.S.A. § 4465(b)(3).

Turning first to issue preclusion, the Beauchesnes' allegations regarding storm water runoff do not appear to have been addressed in the prior proceedings discussed above. Thus, the Beauchesnes can rely on these allegations to show they have standing.

However, the Beauchesnes' allegations regarding an increase in noise as a result of increased shooting from some of the site improvements Hale Mountain has made to its club directly conflict with the Environmental Board's prior factual findings, affirmed by the Vermont Supreme Court, that the site improvements Hale Mountain made to its club after 1970 did not increase the use of the club or the noise generated from that use. See Hale Mountain, Decl. Ruling #435, Supplemental Findings of Fact and Conclusions of Law, at 2 (Feb. 26, 2008). As stated above, the Vermont Supreme Court concluded that "the level of intensity of the members' use and the concomitant noise . . . could not be said to have increased over pre-1970 levels" as a result of the site same site improvements that are at issue in this matter and raised in the Beauchesnes' recent allegations. Hale Mountain II, 2009 VT 10, ¶ 5; see Hale Mountain, Decl. Ruling #435 Findings of Fact, Conclusions of Law, and Order  (Aug. 4, 2005); Hale Mountain, Decl. Ruling #435, Supplemental Findings of Fact and Conclusions of Law (Feb. 26, 2008).

We previously concluded, in a different matter, that the Beauchesnes were collaterally estopped from challenging the Board's findings in the context of an assertion that Hale Mountain was operating in violation of applicable land use regulations. See Hale Mountain Fish & Game Club, Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 7, 11 (Dec. 15, 2009). We reach the same conclusion in the context of the current pending appeal. The Beauchesnes are collaterally estopped from making allegations that the site improvements that are the subject of the ZA's decision, or their use, have caused increased noise, given that all of the improvements the Beauchesnes reference in their allegations were considered by the Board in its 2008 determination, a determination which stands as final by affirmation from the Vermont Supreme Court in Hale Mountain II. The Beauchesnes have already had an opportunity to litigate this factual issue, and their assertions were rejected by the Board and our Supreme Court.[5]

---

[4] The Beauchesnes also allege that the alterations to the shooting areas pose a safety risk to them as they ride horses by Hale Mountain's property, but this allegation appears based on the noise impacts the Beauchesnes allege and is therefore not a separate concern.

[5] Indeed, the Environmental Board concluded the following:

> [T]he gun club's witnesses are more credible, knowledgeable and persuasive on the question of Project use and activity going back to 1970 and earlier than the neighbors'

Therefore, we conclude that the Beauchesnes' factual allegations regarding an increase in noise as a result of increased shooting are barred by the doctrine of issue preclusion. The Beauchesnes cannot rely on these allegations to support an argument that they had standing to appeal the ZA's decision.

As we stated above, however, the Beauchesnes can rely on their allegations regarding storm water runoff. We now determine whether these allegations relate to the criteria under which Hale Mountain's application must be reviewed, the final limitation imposed upon parties who are authorized to appeal a zoning administrator's decision by 24 V.S.A. § 4465(b)(3).

Hale Mountain's application sought thirteen permits to retrospectively authorize a number of site improvements it had already made to its property. The application represents that the subject property lies within both a Rural Residence Zoning District and the Forest and Recreation Zoning District, although it is unclear from the application, and from the other documents before the Court, where the site improvements are located in relation to zoning district boundaries. Thus, we consider whether the Beauchesnes' allegations pertaining to storm water runoff relate to criteria in the Town of Shaftsbury Zoning Bylaw ("Bylaw") regulating development in either of these zoning districts.

Although the Beauchesnes' memorandum cites primarily to provisions of the Bylaw that do not apply here—those regulating conditional uses, which Hale Mountain is not proposing— the Beauchesnes' allegations arguably relate to various site plan approval criteria found in Bylaw § 3.6. Because site plan approval is required for clubs located in a Rural Residence District, the site improvements Hale Mountain retroactively proposed for its club arguably also require site plan approval if located in the Rural Residence District. See Bylaw § 4.1. Therefore, we conclude that the Beauchesnes' allegations pertaining to storm water runoff demonstrate an impact on them "under the criteria reviewed." 24 V.S.A. § 4465(b)(3).

Thus, we conclude that the Beauchesnes have put forward sufficient allegations to demonstrate that they had standing to appeal the ZA's July 29, 2010 decision to the Town of Shaftsbury Development Review Board. Consequently, we **DENY** Hale Mountain's motion for summary judgment on this issue.

We do, however, provide a few words of caution to the parties. Our review is limited to whether Hale Mountain's zoning permit application, now on appeal before us, complies with the Bylaw. We note that some of the Beauchesnes' allegations in their recent memorandum address activities that are not part of Hale Mountain's application—allegations referencing a waste pile and the removal of a fence. We also note that another of the Beauchesnes' allegations—that lead bullets may be polluting headwaters—is not related to any of the

---

witnesses. The Board is persuaded that the trap area, rifle range and pistol range accommodate the same number of users as before 1970, and that other changes such as covering the shooting range and shifting from private to town plowing during the winter have not affected the amount of shooting at Hale Mountain Fish and Game Club. [T]he Club's own efforts to increase participation have done little more than maintain participation within pre-1970 levels. We conclude that there has been no significant increase in shooting activity at the Project, and no significant increase in noise or other impacts, over pre-1970 levels.

Hale Mountain, Decl. Ruling #435, Supplemental Findings of Fact and Conclusions of Law, at 4 (Feb. 26, 2008).

individual site improvements included in Hale Mountain's application. Thus, we clarify here that these allegations are not germane to our review of Hale Mountain's application.

We further caution the parties that, in considering the pending matter, we will take care to respect the lengthy and multi-layered litigation that has already occurred. As stated above, we conclude in this Entry Order that the Beauchesnes are collaterally estopped from presenting factual allegations that the site improvements referenced in Hale Mountain's application have caused increased activity and noise. These conclusions limit what evidence is germane to our determination of whether Hale Mountain's application complies with the Bylaw. We further note that to the extent the Beauchesnes' allegations regarding water pollution address groundwater, they are collaterally estopped from making allegations that conflict with the Environmental Board's findings concerning a lack of groundwater pollution. See <u>Hale Mountain</u>, Decl. Ruling #435, Supplemental Findings of Fact and Conclusions of Law, at 3 (Feb. 26, 2008) (concluding that used clay pigeons and spent ammunition had been left on the Club site since before 1970, including near streams and wet areas, "without an increase in deposition or accumulation rates" or evidence of groundwater contamination.).

As the deadline for the submission of pre-trial motions in this matter has now passed, we direct the parties to submit, by **Monday, April 30, 2012**, a list of unavailable dates during the period from July 9 to August 24, 2012 for a one-day trial at a divisional courthouse of the Bennington Superior Court. This Court will thereafter notify the parties of the trial date.

| | |
|---|---|
| _____ | \_\_\_\_\_April 19, 2012\_\_\_\_\_ |
| Thomas S. Durkin, Judge | Date |

========================================================================

Date copies sent to: _____                                    Clerk's Initials _____

Copies sent to:

   James P.W. Goss, Attorney for Appellant/Applicant Hale Mountain Fish & Game Club, Inc.

   Interested Persons Owen and Katherine Beauchesne, pro se

   Robert E. Woolmington, Attorney for Town of Shaftsbury