STATE OF VERMONT

| SUPERIOR COURT Vermont Unit | ENVIRONMENTAL DIVISION Docket No. 54-5-13 Vtec |
|---|---|
| Hale Mtn. F & G Club SP Approval | DECISION ON MOTION |

Before the Court on appeal is a decision by the Town of Shaftsbury Development Review Board ("DRB") granting Hale Mountain Fish & Game Club, Inc. ("Club") permit #12-9334 ("the Permit") for improvements on the Club's property located at 684 Rod and Gun Club Road ("the Property") in the Town of Shaftsbury, Vermont ("the Town"). The Property has been the subject of multiple litigations spanning decades before the former Environmental Board ("Board"), the Vermont Supreme Court, and the Environmental and Civil Divisions of the Vermont Superior Court. We provide a brief overview of the relevant litigation as context for the pending appeal.

Over the years, the Club has made improvements to the Property without obtaining municipal zoning permits or State land use permits, commonly referred to as Act 250 permits. As to the latter, in 2009 the Vermont Supreme Court affirmed the Board's ruling that Act 250 review of the Property was limited to three improvements found to substantially change the Property and that the remaining improvements were not so substantial nor did they cause an increase in use sufficient to trigger Act 250 review of the entire project. In re Hale Mountain, 2009 VT 10, ¶ 8, 185 Vt. 613 (mem.). As to the claim of needed municipal permits, in 2004 and 2005 neighboring landowners Owen and Kathleen Beauchesne ("Appellants") requested that the Town initiate enforcement actions against the Club for 19 unpermitted improvements. Appellants appealed the Town's decisions denying their request to this Court. In Docket Nos. 149-8-04 Vtec and 259-12-05 Vtec, Appellants asked whether the changes in use and improvements on the Property required new zoning permits under the Town of Shaftsbury Zoning Bylaws ("Bylaws").

In an interim decision dated November 2008, this Court ruled that the doctrine of issue preclusion barred Appellants from re-litigating factual disputes previously resolved by the

Board.  In re Hale Mountain Fish & Game Club, Nos. 149-8-04 Vtec & 259-12-05 Vtec, slip op. at 13, 15 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J.).  In a subsequent interim Order and Decision, the Court ruled that zoning permits are required for any improvement constituting land development, regardless of whether the improvements are a change in use.  In re Hale Mountain Fish & Game Club, Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 8, 12 (Vt. Envtl. Ct. Dec. 15, 2009) (Durkin, J.) (citing Bylaws § 8.1.1).  The Court also ruled that Appellants are precluded from asserting that the Club has committed zoning violations based upon an alleged change in use in light of the Board's finding that the level of activity at the Club has not changed since the 1970s.  Id. at 13.  Relying upon the prior Environmental Board ruling, we concluded that the "levels of activity and noise have not increased in intensity since its inception and through the date of the Environmental Board's final factual determinations (Feb. 26, 2008)."  Id at 2.  Appellants did not appeal this decision.

The Club subsequently filed an application for the 13 enumerated improvements constituting land development.  The Town of Shaftsbury Development Review Board ("DRB") denied the Club's application, which they appealed to this Court in Docket No. 190-11-10 Vtec.  This Court issued an Order and Decision in that matter, denying the application without prejudice, ruling that the Club presented credible facts to show that the enumerated improvements were permitted as group service uses under Bylaws § 4.1.1.4.3 but only upon receipt of site plan approval.  In re Hale Mountain Fish & Game Club, No. 190-11-10 Vtec, slip op. at 3–4 (Vt. Envtl. Ct. Oct. 4, 2012) (Durkin, J).  Appellants appealed this decision to the Vermont Supreme Court, arguing that this Court erred in 1) relying on Regulations § 4.1.1.4.3 and assuming that the expansion of the Club's nonconforming use of the Property is irrelevant; 2) applying issue preclusion to events occurring after the Board's 2005 decision and to issues not previously decided, and 3) concluding that the Club could obtain a zoning permit without first acquiring the necessary state permits.

As to the first argument, the Supreme Court ruled that Appellants waived the question of whether Regulations § 4.1.1.4.3 overrides the Club's actual use of the Property by failing to raise it below, despite the DRB's reliance on the provision in its October 2010 decision, which provided Appellants with notice and opportunity to raise the question on appeal.  In re Hale

Mountain, 2014 VT 54, ¶¶ 18, 19 (mem.). Regarding the Club's use of the Property, the Court ruled that Appellants had waived the legal issue by failing to properly raising it before the trial court. Id. The Supreme Court continued by noting that even if the issue had been preserved below, such an argument was barred by the this Court's December 15, 2009 decision, which Appellants failed to appeal, and which precludes Appellants from alleging violations predicated on a change or expansion in use, in light of the Board's finding that the level of activity at the Club had not changed since the 1970s. Id. at ¶ 21. The court also ruled that Appellants' failure to appeal the December 15, 2009 decision barred them from raising their second argument— that this Court erred in applying issue preclusion to events that occurred after the Board rendered its findings in 2005 and to issues not previously decided—because this too is an alleged violation predicated on a change in use of the Property. Id. at ¶ 24. As to Appellants' final argument, the court affirmed this Court's ruling that the Club's enumerated improvements did not require further state land use (i.e.: Act 250) review. Id. at ¶¶ 28, 29.

While the appeal in Docket No. 190-11-10 Vtec was pending before the Supreme Court, the Club received site plan approval as well as the necessary zoning permits. Appellants timely appealed the DRB's decision granting the Club's zoning permits to this Court in Docket No. 54-5-13 Vtec, filing a Statement of Questions raising two issues: whether the Club's application is properly reviewed under Bylaws § 4.1.1.4.3 and therefore consideration of their expansion of a nonconforming use is irrelevant, and whether the Club had the state permits necessary for approval of the Permit under Bylaws § 3.6.2.4.

The Club now moves for summary judgment, asking this Court to dismiss Appellants' Questions in this latest appeal as a matter of law under the doctrines of claim and issue preclusion. The Club also moves for sanctions against Appellants under the Vermont Rules of Civil Procedure ("V.R.C.P.") Rule 11.

Appellants are represented by Herbert G. Ogden, Esq. and the Club is represented by Rodney E. McPhee, Esq.

**Factual Background**

For the sole purpose of putting the pending motion into context, the Court recites the following facts, all of which either the parties represent are undisputed or we have determined to not be disputed, based upon the parties' factual representations:

1. The Hale Mountain Fish & Game Club, Inc. owns 215 acres of land at 684 Rod and Gun Club Road in the Town of Shaftsbury, Vermont ("the Property"). The Property is located in the Rural Residential Zoning District ("RR District").

2. Appellants Owen and Kathleen Beauchesne are neighboring landowners.

3. The Club made numerous improvements to the Property over the years without obtaining zoning permits, which resulted in previous litigation before this Court and the Vermont Supreme Court.

4. In July 2010, the Club filed an application for zoning permits for 13 improvements to the Property, which the DRB denied. The Club appealed the DRB's decision this Court, which is the subject of Docket No. 190-11-10 Vtec.

5. On August 28, 2012 the Court held a merits hearing in Docket No. 190-11-10 Vtec. At the hearing, the Court indicated that "[t]here has not been a determination by this Court that the specific improvements that have been proposed by the Club evidence an expansion of a non-conformity. Whether they do or whether it's a mere maintenance of the facility as it existed for years, is something that will be left to another proceeding, perhaps." (App. Counterstatement of Material Fact at 1, filed Dec. 1, 2014).

6. In an Order and Decision in Docket No. 190-11-10 Vtec dated October 2012, the Court denied the Club's application without prejudice to allow them to submit a site plan application for review and approval by the DRB, after which the Club would be entitled to request that the ZA complete the ministerial act of re-issuing the permit per the original application. In re Hale Mountain, No. 190-11-10 Vtec.

7. Appellants appealed the October 2012 Decision to the Supreme Court.

8. In 2013, the Club applied for site plan approval and renewed its application for the necessary zoning permits. The DRB approved the site plans on April 17, 2013 and issued Permit #12-9334 ("the Permit") on April 22, 2013.

9.     Appellants appealed the DRB's decision approving the Permit, which was assigned Docket No. 54-5-13 Vtec and was stayed pending the Supreme Court's decision in the appeal of this Court's decision in Docket No. 190-11-10 Vtec.

10.     On June 6, 2014, the Supreme Court affirmed this Court's Decision in Docket No. 190-11-10 Vtec, affirming this Court's determination that approval of the Permit did not require additional state permits and ruling that Appellants waived the question of whether the Club's application is properly reviewed under Bylaws § 4.1.1.4.3 by failing to raise that issue below and that, in any event, claim preclusion barred them from raising the issue in light of this Court's final judgment in Docket Nos. 149-8-04 Vtec and 259-12-05 Vtec, which they did not appeal.  In re Hale Mountain, 2014 VT 54 at ¶ 18, 28–29.

11.     On June 18, 2014 Appellants filed a Motion for Reargument to the Supreme Court of their appeal in Docket No. 190-11-10 Vtec.  The Supreme Court denied the motion for failure to identify points of law or fact overlooked or misapprehended.

**Discussion**

By their Questions, Appellants ask first whether proper review of the Club's application is under Bylaws § 4.1.1.4.3 for group service uses and that consideration of the Club's expansion of a nonconforming use is therefore irrelevant, and second whether the Club had the state permits necessary for approval of the Permit under Bylaws § 3.6.2.4.  The Club moves for summary judgment on both Questions, arguing that they are precluded by rulings in previous litigation, as well as for sanctions against Appellants under Vermont Rules of Civil Procedure ("V.R.C.P.") 11.  Appellants oppose both motions, which we address in turn.

## I.     Summary Judgment Standard

A moving party is entitled to summary judgment upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a).  The court accepts as true all factual allegations made in opposition to the motion for summary judgment, so long as they are supported by "specific citations to particular parts of materials in the record" and gives the non-moving party the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures).

**II.      The Club's Motion for Summary Judgment**

In its Motion for Summary Judgment, the Club argues that it is entitled to judgment as a matter of law because there are no material issues of fact in dispute and the issues raised by Appellants' Statement of Questions either have or could have been previously litigated and are thus barred by the doctrines of claim and issue preclusion.

With the goals of advancing the fair and efficient administration of justice, we address claim preclusion first, as it is broader than issue preclusion and a positive finding on the former obviates the need to analyze the latter.  The doctrine of claim preclusion bars litigation of issues when there has been a final judgment in prior proceedings in which the parties, subject matter, and cause of action are identical or substantially identical.  Faulkner v. Caledonia Cnty. Fair Ass'n, 2004 VT 123, ¶ 8, 178 Vt. 51 (quotation omitted); In re Tariff Filing of Cent. Vt. Pub. Serv. Corp., 172 Vt. 14, 20 (2001).  The doctrine "bars parties from re-litigating, not only those claims and issues that were previously litigated, but also those that could have been litigated in a prior action."  Carlson v. Clark, 2009 VT 17, ¶ 13, 185 Vt. 324 (quotation omitted).  As part of our analysis, the Court keeps the following objectives in mind when determining whether a claim is barred: conserving resources by protecting courts and litigants against piecemeal or repetitive litigation; preventing vexatious litigation; promoting finality of judgment and encouraging reliance on judicial decisions; and limiting the possibility of inconsistent adjudication.  In re Tariff, 172 Vt. at 20 (citations omitted).

Appellants oppose the Club's motion for two reasons: first, they suggest that the Court deny the motion on a technicality, for the Club's failure to clarify which facts are undisputed in compliance with V.R.C.P. 56(c)(1)(A), and second, they suggest that the Court deny the Club's motion on its merits.

As to Appellants first argument, V.R.C.P. 56(c)(1)(A) requires a party asserting that a fact is undisputed to file "a separate and concise statement of undisputed material facts or a separate and concise statement of disputed facts consisting of numbered paragraphs with specific citations to particular parts of materials in the record."  V.R.C.P. 56(c)(1)(A).  Review of the filings in this matter reveals that the Club filed a memorandum in support of their motion for summary judgment as well as a separate statement of undisputed material facts on

November 7, 2014. The Club referenced in their legal memorandum the undisputed facts that they listed. Finding that it is Appellants who appear to be in error regarding the Club's compliance with V.R.C.P. 56(c)(1)(A), we reject Appellant's argument and decline to deny the Club's motion on this ground.

Turning to Appellants assertion that we deny the Club's motion on its merits, we first consider the scope of Appellants' Question 1. In their Statement of Questions, Appellants posed their Question 1 as follows:

> Did the Development Review Board (DRB) err in issuing a zoning permit based on the theory that, because Hale Mountain was a club, the only zoning bylaw governing its zoning permit application was the Group Use bylaw and the actual use Hale Mountain made of its property was irrelevant? In other words, must the Development Review Board consider whether Hale Mountain has expanded a nonconforming use?

(Statement of Questions on Appeal at 1, filed May 15, 2013). As characterized by Appellants in their memorandum opposing the Club's motion, this Question asks "whether the only relevant zoning bylaw is the group service use bylaw, so that it would make no difference that Hale has expanded a nonconforming use." (Appellants' Mem. in Opp. at 1, filed Dec. 1, 2014). We interpret this Question to ask whether the Club's application is properly reviewed under Regulations § 4.1.1.4.3 and consideration of their expansion of a nonconforming use is therefore irrelevant.

The Club contends that this Question is barred, having been fully litigated in previous proceedings. Appellants disagree and raise two arguments. First, Appellants rely on oral statements from the August 2012 merits hearing, in which this Court stated that "[t]here has not been a determination by this court that the specific improvements that have been proposed by the Club evidence an expansion of a non-conformity. Whether they do or whether it's mere maintenance of the facility as it has existed for years, is something that will be left to another proceeding, perhaps." Id. at 2 (citing Transcript of Aug. 28, 2012 Merits Hearing at 224). Appellants suggest that by failing to include or negate these comments in the final Order, they stand as precedent.

The current appeal marks Appellants' second attempt to rely on this statement—likewise, it marks the second time Appellants are instructed that that the October 2012

Judgment Order is controlling and that "the court's comments at the final hearing in this proceeding, which were plainly not intended as findings, did not prevent the court from determining that neighbors were precluded from alleging violations predicated on increased use or from ruling that Hale Mountain had demonstrated that they were entitled to permits once they obtained site plan approval." In re Hale Mountain, 2014 VT 54 at ¶ 22.

Appellants suggest that regardless of the Supreme Court's reproach, "this Court is still free to consider facts that have not been determined in the Supreme Court," including "what this Court intended in its 4 October 2012 decision in 190-11-10 Vtec." (Appellants' Mem. In Opp. at 2). Appellants offer that the Supreme Court misinterpreted this Court's October 2012 Judgment Order by "incorrectly characterize[ing] the 4 October 2012 decision as negating this Court's comments from the bench 'suggesting that neighbors can still raise in a later proceeding whether the improvements at issue were an expansion of a nonconforming use.'" Id. at 3. They continue, explaining that the Order itself indicates that it "summarizes" Findings of Fact and Conclusions of Law that this Court rendered orally on the record of the August 2012 merits hearing and that the October 2012 Order and Decision "does not purpose to include all the findings and conclusions rendered from the bench." Id. As such, Appellants suggest that "[t]he written order thus does not negate the conclusion of law with which this Court ended its oral ruling. . . ." Id.

Although the Court appreciates the suggestion that we are, in fact, the best judge of what we intended by our decision and that the Supreme Court "simply cannot tell this Court what this Court meant to do," we feel compelled to note that it was Appellants who raised the issue in their appeal to the Supreme Court, and they cannot now dismiss that Court's interpretation because it was not in their favor. The Supreme Court's decision was final: the October 2012 Order is controlling and the comments from the August 2012 hearing do not override or negate our ruling that Appellants are precluded from alleging violations predicated on an increased nonconformity. To the extent Appellants rely on the principles underlying post-appeal relief under V.R.C.P. 60, they have not moved for such relief nor do they move so now. Appellants cannot borrow principles from inapplicable procedural tools for the sole

reason of justifying their argument; if they seek to rely on these principles, they should have done so under V.R.C.P. 60 during the time period allowed.

Second, Appellants distinguish between the expansion of a nonconformity and an increase in activity, arguing that preclusion bars the latter and not the former. (Appellants' Mem. In Opp. at 5). Appellants allege that the Board's adjudication of whether the Club increased its activity bars them from raising violations predicated on an increase in use, but not from raising violations predicated on the expansion of a nonconforming use. Id. This distinction is without merit and relies on a portion of the Board's conclusion at the expense of the entirety. The Board concluded that improvements to the Property did not cause an increase in use or capacity at the Club up to the date of the Board's supplemental determination in February, 2008. In re Hale Mountain, 2014 VT 54 at ¶ 6. We then relied upon the Board's factual findings in rendering a determination that no change had occurred sufficient to support a legal determination of a "substantial change." In re Hale Mountain, Nos. 149-8-04 Vtec, 259-12-05 Vtec, slip op. at 13 (Vt. Envtl. Ct., Dec. 15, 2009) (Durkin, J.). That determination became final when Appellants chose not to appeal. Thus, Appellants are barred from raising allegations predicated on facts regarding whether the Club had made substantial changes to its preexisting operation so as to cause an increase in use—this question has been asked and answered in its entirety through the date of our last decision.

In assessing whether the Club's application is properly reviewed under Bylaws § 4.1.1.4.3 without consideration of whether the Club has expanded a nonconforming use, we review previous decisions of the Board, this Court, and the Supreme Court, each of which has made it abundantly clear that Appellants are precluded from raising violations predicated on an alleged change in use:

- In 2009, the Supreme Court affirmed the Board's conclusion that the Club had not made substantial changes to its preexisting operation so as to cause an increase in use. In re Hale Mountain, 2009 VT at ¶ 8.

- In 2008, this Court held that the doctrine of issue preclusion barred Appellants from re-litigating factual disputes previously resolved by the Board—including whether the Club had made substantial changes to its preexisting operation so as to cause an increase in use. In re Hale Mountain, Nos. 149-8-04 Vtec & 259-12-05 Vtec, slip op. at 13, 15 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J.).

- In 2009, this Court again held that the Board's finding that the level of activity at the Club has not changed since 1970 bars Appellants from alleging violations predicated on a change in use. In re Hale Mountain, Nos. 149-8-04 Vtec, 259-12-05 Vtec, slip op. at 13 (Vt. Envtl. Ct., Dec. 15, 2009) (Durkin, J.).

- In 2014, the Supreme Court noted that even if the issue of the Club's use of the Property had been preserved below, such an argument was barred by this Court's December 2009 decision, which Appellants failed to appeal, and which precludes Appellants from alleging violations predicated on a change in use in light of the Board's finding that the level of activity at the Club has not changed since the 1970s. In re Hale Mountain, 2014 VT 54, ¶ 21 (mem.).

As to Appellants' Question 2—whether Bylaws § 3.6.2.4 establishes a preliminary requirement that an applicant first acquire the relevant state permits—Appellants acquiesce that this Question is barred by this Court's unambiguous resolution of this issue in Docket No. 190-11-10 Vtec. In their appeal of the October 2012 Order and Decision to the Supreme Court, Appellants asked, *inter alia*, whether this Court erred in concluding that the Club could obtain a zoning permit without first acquiring the necessary state permits. Addressing this question, the Supreme Court affirmed this Court's ruling that the Club's enumerated improvements did not require further state land use review. In re Hale Mountain, 2014 VT 54 at ¶¶ 28, 29 (mem.).

We therefore conclude that the Questions on appeal have been resolved by prior judgments by both this Court and the Supreme Court in litigation between the same parties. Because the appeal is barred by the doctrine of claim preclusion we need not consider whether the specific issues raised are also barred by the doctrine of issue preclusion. We **GRANT** the Club's motion for summary judgment and hereby **DISMISS** Appellants' Questions.

We take this opportunity to note that we find Appellants' pattern of raising matters previously decided both troublesome and a waste of resources. The rule against re-litigating matters concluded by a final judgment is one of our principal tenets, motivated by the goals of judicial economy and public policy. As stated by this state's Supreme Court, "[e]very man and his legal problems are entitled to their day in court. However, no one is entitled to break a case down into a myriad of single issue actions to obtain the desired judgment. Judicial time schedules and fairness to one's opponent prohibit this practice." B & E Corp. v. Bessery, 130 Vt. 597, 601 (1972).

### III.  Motion for Sanctions

In addition to judgment as a matter of law, the Club seeks sanctions against Appellants under V.R.C.P. 11 for using the courts to harass them by rephrasing questions raised and answered in previous litigation.  Rule 11(b) imposes upon attorneys and parties an obligation to present to the court only those pleadings that: (1) are not motivated by "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;" and (2) "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. . . ."  V.R.C.P. 11(b)(1), (2).  If warranted, and after granting the party notice and a reasonable opportunity to respond, the Court may impose a sanction for the violation of this requirement, including an award to the prevailing party of reasonable expenses and attorney's fees incurred in presenting the motion.  V.R.C.P. 11(c)(1)(A); V.R.E.C.P. 5(a)(2).  After a review of these standards, we understand the Club to allege that Appellants violated the standards described in either V.R.C.P. 11(b)(1) or (b)(2).

Examining V.R.C.P. 11(b)(1) first, that standard prohibits allegations motivated by improper purposes, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation.  Here, Appellants acquiesce that their Question 2 is barred by the Supreme Court's decision In re Hale Mountain, which affirmed this Court's ruling that the Club's enumerated improvements did not require further state land use review under Bylaws § 3.6.2.4.  2014 VT 54 at ¶¶ 28–29 (mem.).  Having been litigated and addressed in a final judgment, the issue is precluded from relitigation.  By raising the same issue in the present appeal and acknowledging and agreeing that the issue is barred, we conclude that Appellants again raised the issue for improper purposes in violation of V.R.C.P. 11(b)(1) and without basis in existing law in violation of V.R.C.P. 11(b)(2).

Furthermore, we find it particularly troubling that the language of Appellant's Question 1 is nearly identical to the first paragraph in the Statement of Issues they presented in their 2012 appeal to the Vermont Supreme Court.[1]  The Supreme Court fully addressed that issue,

---

[1] Compare the pending Question 1 with the first issue posed in Appellants' Statement of issues in In re Hale Mtn. Fish & Game Club, Inc., Docket No. 2012-412, Brief of Appellants ("Did the trial court err in deciding that, because appellee Hale Mountain was a club, the only zoning bylaw governing its zoning permit application was the Group

and yet Appellants repeated that Question when they filed the pending appeal. Appellants have yet to credibly explain how the issue that they presented to the Supreme Court remains a live Question. We find it difficult to image a more direct violation of the directive contained in V.R.C.P. 11(b)(1).

The standard under V.R.C.P. 11(b)(2) requires a party's representations to either be "warranted by existing law" or to present non-frivolous arguments for changing the law. Here, Appellants are precluded from raising claims based on the factual question of whether the Club made substantial changes to its preexisting operation so as to cause an increase in use. This matter has been resolved by an earlier final judgment in which the parties, subject matter, and causes of action are identical. See In re Hale Mountain, Nos. 149-8-04 Vtec & 259-12-05 Vtec, slip op. at 13, 15 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J.); In re Hale Mountain Fish & Game Club, Nos. 149-8-04 Vtec, 259-12-05 Vtec, slip op. at 13 (Vt. Envtl. Ct. Dec. 15, 2009) (Durkin, J.); In re Hale Mountain, 2009 VT 10, ¶ 8, 185 Vt. 613 (mem.); In re Hale Mountain, 2014 VT 54, ¶ 21 (mem.). Having been litigated and addressed in final judgments, the issue is precluded from relitigation and therefore is unwarranted by existing law. Appellants failed to present any credible evidence or legal arguments suggesting that their repeated claims are warranted by existing law or non-frivolous arguments for changing the law. Therefore, we conclude that Appellants have violated V.R.C.P. 11(b)(2).

Although the right of access to justice is fundamental in our state constitution, it is not an unlimited right. See Zorn v. Smith, 189 Vt. 219, 225 (2011) (citing Vt. Const. ch. I, art. 4 (stating that "[e]very person within this state ought to find a certain remedy [for injury], by having recourse to the laws" and that "every person ought to obtain right and justice, freely, and without being obliged to purchase it")). Litigants are not "free to abuse the courts by inundating them with frivolous suits which burden the administration of the courts for no useful purpose." Id. at 226 (citations omitted). For the reasons stated above, we conclude that Appellants also violated V.R.C.P. 11(b)(2) by filing an appeal only premised upon their Questions 1 and 2, which we conclude are repetitive and based on a frivolous legal argument. We also

Use bylaw and the actual use Hale Mountain made of its property was irrelevant? In other words, may the Development Review Board consider whether Hale Mountain has expanded a nonconforming use?").

conclude that Appellants' Question 2 is in violation of V.R.C.P. 11(b)(1) as motivated by improper purposes. For this reason, we **GRANT** the Club's motion for sanctions.

Sanctions for the violation of V.R.C.P. 11(b) are limited to what is sufficient to deter repetition of the offending conduct, and may include nonmonetary directives, penalties, or if warranted for effective deterrence, the payment of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation. V.R.C.P. 11(c)(2) (exempting violations of V.R.C.P. 11(b)(2) from monetary fines imposed upon represented parties). We conclude that the most effective way to discourage Appellants from filing further appeals based on these already-litigated causes of action, we do hereby bar Appellants from filing further appeals based on whether the Club made substantial changes to its preexisting operation so as to cause an increase in use or nonconformity within the time frames already considered by the Courts. Furthermore, in consideration of Appellants' own admission that their Question 2 is barred by this Court's unambiguous resolution of this issue in Docket No. 190-11-10 Vtec and their refusal to withdraw the Question after receiving notice of the Club's motion pursuant to V.R.C.P. 11(c)(1)(A), the Court imposes a monetary sanction in the form of reimbursement of the Club's attorney's fees incurred in presenting this motion.

### Conclusion

For the reasons stated in greater detail above, we **GRANT** the Club's motion for summary judgment. Furthermore, we **GRANT** the Club's motion for sanctions and bar Appellants from re-litigating the issues raised here in their Questions 1 and 2. Finally, in light of Appellants failure to withdraw their Question 2, despite the fact that the matter was litigated previously and after receiving notice of the Club's assertion that Question 2 was duplicative, we impose a monetary sanction against Appellants in the form of reimbursement of the Club's attorney's fees incurred in presenting and prosecuting their motions for summary judgment and for sanctions. We direct that the Club, no later than **Wednesday, May 20, 2015,** submit an affidavit as to the attorney's fees and expenses incurred in connection with their motions and direct that verification of the fees and expenses incurred be attached to that affidavit. Appellants shall thereafter have until **Wednesday, May 27, 2015,** to submit an objection to the claimed fees, which objection shall be limited to the reasonableness of such fees claimed.

Electronically signed on April 17, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division